IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

CLENNIE MANNING,

    Defendant.

Case No. 3:99cr107

JUDGE WALTER H. RICE

---

DECISION AND ENTRY OVERRULING DEFENDANT'S *PRO SE* MOTION TO MODIFY SENTENCE BY CHANGING COURT ORDERED CONSECUTIVE SENTENCE FROM REVOCATION OF FEDERAL SUPERVISED RELEASE TO ONE OF CONCURRENT SENTENCE WITH THE PRESEETLY UNDISCHARGED STATE COURT SENTENCE; REASONING SET FORTH

---

On October 29, 2009, this Court revoked the Defendant's supervised release, a status that began May 1, 2003, and remanded Defendant to the custody of the Attorney General of the United States, the Bureau of Prisons, for a period of eighteen months, with eighteen months of supervised release to follow, said sentence to be served consecutively to or after the undischarged portion of his state sentence on which Defendant was due to be released on December 13, 2012. Unknown to all at that time was the fact that Defendant would subsequently receive a continuance of over six years from the Adult Parole Authority, continuing him to January 26, 2019. He has asked this Court, in *pro se* fashion by letter, to modify his sentence in order to run his federal supervised release revocation time concurrent with the undischarged portion of his state sentence, rather than consecutive thereto.

While there is no question that the Court's eighteen month sentence, consecutive to his

state sentence, was premised upon his expected release from state custody in 2012, an erroneous premise as it turned out to be, and while it would turn out to be totally unfair for Mr. Manning to serve a period of time in federal custody beyond mid-2014, there is no available relief that this Court can offer him at this time. First, it is far beyond the time limit for relief under Fed. R. Crim. P. 35, even assuming that Defendant had provided the requisite substantial assistance. Second, none of the exceptions set forth in 18 U.S.C. § 3582(c) applies. Because the Court's sentence, while based upon a subsequently flawed premise, is not a clerical error. Third, this was neither clerical error nor an error "arising from oversight or omission," thus rendering Fed. R. Crim. P. 36 inapplicable. Hopefully, the attached letter to the Bureau of Prisons, the original of which has been sent to its headquarters, will prove to be of some, albeit limited, help to Mr. Manning.

March 1, 2018

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of record